David J. Jordan (1751)
david.jordan@stoel.com
Jordan C. Bledsoe (15545)
jordan.bledsoe@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DISTRICT**

CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; LDS FAMILY SERVICES, a Utah corporation,

Plaintiffs,

v.

BN, an individual,

Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Case No. 2:19-cv-00062 BCW

The Honorable Brooke C. Wells

Pursuant to 28 U.S.C. § 2201, plaintiffs Corporation of the President of The Church of Jesus Christ of Latter-day Saints and LDS Family Services (together, "Plaintiffs"), through counsel, bring this action for declaratory relief against defendant BN ("BN")[1] and allege as follows:

## NATURE OF THE ACTION

1. In May 2016, BN filed a complaint in the Navajo Nation District Court, District of Window Rock, Arizona (the "Navajo District Court") alleging that Plaintiffs are liable for injuries she claims to have suffered decades ago while living in Utah during her participation in a program called the Indian Student Placement Program (the "ISPP").

2. After being served with BN's complaint, Plaintiffs filed an action in this Court requesting that BN be enjoined from proceeding with her claims in the Navajo District Court because that court lacked subject-matter jurisdiction. This Court ruled that Plaintiffs were required to exhaust their tribal court remedies in the first instance.

3. Plaintiffs thereafter exhausted their tribal court remedies. Plaintiffs first filed a motion in the Navajo District Court to dismiss BN's complaint for lack

[1] BN alleges that she was the victim of sexual abuse while she was a minor. To respect her privacy, this complaint uses the same pseudonym BN used in her complaint in the Navajo District Court.

of subject-matter jurisdiction, which was denied. Plaintiffs then filed a writ of prohibition ("Writ") in the Navajo Nation Supreme Court (the "Navajo Supreme Court") contesting the Navajo District Court's subject-matter jurisdiction. The Navajo Supreme Court denied the Writ.

4. While Plaintiffs were exhausting their tribal court remedies, Plaintiffs and BN negotiated a settlement of her claims. Under the terms of the settlement agreement (the "Settlement Agreement"), Plaintiffs agreed to pay BN a certain amount in exchange for a release of the claims that she had or could have asserted in the Navajo District Court action.

5. BN ultimately reneged on the Settlement Agreement and refused to abide by its terms. As a result, Plaintiffs filed a declaratory judgment action in the Fourth Judicial District Court ("Fourth District Court") in and for Utah County, Utah (the district where BN resides), seeking a declaration that the Settlement Agreement is valid and binding on BN.

6. The Fourth District Court granted Plaintiffs' requested relief, ruling that the Settlement Agreement is valid and that, upon Plaintiffs' tender of the agreed-upon settlement amount, Plaintiffs were entitled to a release of all claims that BN had or could have been asserted against them in the Navajo District Court action.

7. Plaintiffs tendered the settlement amount, but BN rejected the tender and did not dismiss her claims.

8. Plaintiffs now seek judgment from this Court declaring that the Navajo District Court lacks subject-matter jurisdiction over BN's claims and that BN's claims are moot. There are two independent grounds for Plaintiffs' requested relief:

a. The Navajo District Court lacks subject-matter jurisdiction over BN's claims because Plaintiffs are nonmembers of the Navajo Tribe and BN's claims did not arise from conduct on the Navajo Nation.

b. BN's claims pending in the Navajo District Court are moot because they have been settled and released.

**PARTIES**

9. Plaintiff Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") is a corporation incorporated and headquartered in Utah. COP is named as a defendant in the Navajo District Court action.

10. Plaintiff LDS Family Services ("LDSFS"), formerly known as LDS Social Services, is a corporation incorporated and headquartered in Utah. LDS Social Services previously operated the ISPP. LDSFS is named as a defendant in the Navajo District Court action.

11. Defendant BN is an individual residing in Utah County, Utah, and an enrolled member of the Navajo Tribe.

**JURISDICTION AND VENUE**

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claim requesting a judgment declaring that the Navajo District Court lacks subject-matter jurisdiction over BN's claims against Plaintiffs. *See Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) ("[W]hether a tribal court has adjudicative authority over nonmembers is a federal question.").

13. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claim requesting a judgment declaring that BN's claims against Plaintiffs pending in the Navajo District Court are moot because BN settled and released those claims. *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) ("Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district courts jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" (quoting 28 U.S.C. § 1367)).

14. BN is subject to this Court's personal jurisdiction because she resides in Utah, her Navajo District Court action is against Utah corporations, and her claims pending in the Navajo District Court arise out of conduct that occurred while she was living in Utah.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because BN resides in Utah and a substantial part of the alleged acts and omissions giving rise to the claims that are the subject of this action occurred in the State of Utah.

## GENERAL ALLEGATIONS

**BN Files an Action in the Navajo District Court.**

16. On May 27, 2016, BN filed an action in the Navajo District Court alleging that Plaintiffs are liable for the injuries she claims to have suffered while she was living in Utah during her participation in the ISPP. *See* Complaint for Personal Injury ("BN Compl.") ¶¶ 13–18, attached as Exhibit A.

17. BN alleges that she participated in the ISPP from 1965 to 1972; that, as part of the ISPP, she agreed to be placed in the homes of members of The Church of Jesus Christ of Latter-day Saints (the "Church") in Utah to attend public school; and that while participating in the ISPP, outside of the Navajo Nation, she was sexually abused. *See id.* ¶¶ 6, 13–18, 21.

18. BN asserts eight causes of action against Plaintiffs stemming from the abuse she allegedly suffered while participating in the ISPP: (1) child sexual abuse, (2) assault and battery, (3) negligence, (4) negligent supervision/failure to warn, (5) intentional infliction of emotional distress, [2] (6) equitable relief, (7) common law nuisance and request for injunctive relief, and (8) violations of Navajo common law. *Id.* ¶¶ 21–68.

19. None of BN's causes of action give rise to subject-matter jurisdiction in the Navajo Nation courts because Plaintiffs are nonmembers of the Navajo Nation and BN fails to allege that any actionable conduct giving rise to her claims occurred on the Navajo Nation. *See Plains Commerce Bank*, 544 U.S. at 332 ("*Montana* and its progeny permit tribal regulation of nonmember conduct *inside the reservation* that implicates the tribe's sovereign interests." (emphasis added) (citing *Montana v. United States*, 450 U.S. 544, 565 (1981))).

<u>BN's First Five Causes of Action</u>.

20. BN's first five causes of action assert three categories of conduct for which Plaintiffs are allegedly liable: (1) vicarious liability for the "sexual abuse" and "assault and battery" that allegedly occurred while BN participated in the ISPP outside the Navajo Nation; (2) negligent placement of BN with unfit families in

[2] BN's cause of action for intentional infliction of emotional distress is derivative of the vicarious liability and negligence claims. It alleges no new conduct.

Utah (outside the Navajo Nation) and negligent failure to supervise those Utah families; and (3) negligent failure to report the alleged abuse. BN Compl. ¶¶ 21–68, Ex. A.

21. None of the alleged tortious conduct giving rise to BN's first five causes of action occurred within the boundaries of the Navajo Nation. *See id.*

22. First, no act of "sexual abuse" or "assault and battery" is alleged to have occurred within the Navajo Nation. *Id.* ¶¶ 13–18. BN alleges every act of abuse occurred in Utah. *See id.* Thus, the Navajo District Court lacks subject-matter jurisdiction over BN's claims for sexual abuse and assault and battery. For the same reason, the Navajo District Court lacks subject-matter jurisdiction over BN's claims that Plaintiffs are vicariously liable for the alleged abuse.

23. Second, placement of BN with foster families in Utah is not conduct within the Navajo Nation. Similarly, an alleged failure to supervise families residing in Utah is not conduct within the Navajo Nation.

24. Third, an alleged failure to report abuse is not actionable conduct occurring within the boundaries of the Navajo Nation. Alleged *non-action* cannot be the basis for the Navajo District Court's subject-matter jurisdiction. This is so because the alleged *non-conduct* logically does not entail a non-Indian's presence on the reservation and thus does not implicate the Tribe's jurisdiction, which is

limited to the boundaries of the reservation. *See Philip Morris USA, Inc. v. King Mountain Tobacco Co.*, 569 F.3d 932, 938 (9th Cir. 2009) ("[T]ribal jurisdiction is, of course, cabined by geography: The jurisdiction of tribal courts does not extend beyond tribal boundaries." (citation omitted)).

25. Accordingly, the Navajo District Court does not have subject-matter jurisdiction over BN's first five causes of action.

BN's Last Three Causes of Action.

26. BN's sixth, seventh, and eighth causes of action are for injunctive relief, nuisance, and violation of Navajo common law. BN Compl. ¶¶ 48–68, Ex. A. Those causes of action do not allege any new facts relating to the Navajo District Court's subject-matter jurisdiction but, rather, simply make additional claims for relief. *Id.*

27. Specifically, BN's sixth, seventh, and eighth causes of action seek to make every Church leader in the world a mandatory reporter of child abuse regardless of applicable law, criticize Plaintiffs' lawful policies relating to the reporting of child abuse, and seek relief on behalf of the Navajo Nation and its members.

28. Those causes of action are not cognizable as they seek to infringe on Plaintiffs' free-speech and free-exercise-of-religion rights; BN does not have

standing to bring claims on behalf of the entire Navajo Nation or its members; and the Navajo District Court has no authority to mandate changes to Church policy (nor does any court).

29. Thus, the Navajo District Court does not have subject-matter jurisdiction over BN's sixth, seventh, and eighth causes of action.

**Plaintiffs Exhaust Their Tribal Court Remedies.**

30. After being served with BN's complaint, Plaintiffs filed a declaratory judgment complaint and motion for preliminary injunction in this Court (Case No. 2:16-00453) seeking to enjoin BN from proceeding with her claims on the ground that the Navajo District Court lacked subject-matter jurisdiction over her claims.

31. This Court denied Plaintiffs' motion and dismissed their complaint without prejudice, holding that Plaintiffs were required to exhaust their tribal court remedies by presenting their jurisdictional arguments to the tribal court in the first instance.

32. Plaintiffs thereafter moved the Navajo District Court to dismiss BN's claims for lack of subject-matter jurisdiction.

33. The Navajo District Court denied Plaintiffs' motion. Order Denying Defendants' Motion to Dismiss--Jurisdiction, attached as Exhibit B.

34. Plaintiffs then filed the Writ asking the Navajo Supreme Court to prohibit the Navajo District Court from proceeding on BN's claims because it lacked subject-matter jurisdiction. The Navajo Supreme Court denied Plaintiffs' Writ. Order Denying Writ, attached as Exhibit C.

35. Upon denial of the Writ, Plaintiffs exhausted their tribal court remedies.[3] *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987) (holding exhaustion of tribal remedies occurs where tribal appellate courts "have the opportunity to review the determinations of the lower tribal courts"); *Big Horn Cty. Elec. Coop., Inc. v. Big Man*, No. CV 17-65-BLG-SPW, 2018 WL 4603276, at *1 (D. Mont. Sept. 25, 2018) (unpublished) ("The Tenth Circuit construes the exhaustion requirement to be satisfied once the tribal appellate court expressly rules on the jurisdiction issue, even if the merits of the case have not been determined.").

**BN Settles Her Claims Against Plaintiffs.**

36. While Plaintiffs were exhausting their tribal court remedies, Plaintiffs and BN negotiated a settlement of BN's claims. *See* Declaratory Judgment Complaint ¶¶ 10–11, attached as Exhibit D.

[3] The Navajo Nation intervened in the action filed in this Court and represented that Plaintiffs could exhaust their tribal court remedies by seeking review of the Navajo District Court's jurisdictional determination by filing a writ of prohibition with the Navajo Supreme Court. Plaintiffs followed the course designated by the Navajo Nation to exhaust their tribal court remedies.

37. Under the terms of the Settlement Agreement, Plaintiffs agreed to pay a certain amount to BN in exchange for a release of the claims that BN had or could have asserted against Plaintiffs in the Navajo District Court. *See id.*

38. BN ultimately reneged and refused to abide by the terms of the Settlement Agreement. *Id.* ¶¶ 14–17.

39. As a result, Plaintiffs filed a declaratory judgment action in the Fourth District Court seeking a declaration that the Settlement Agreement was valid and binding on BN. *See id.* ¶¶ 19–22 & pp. 5–6.

40. BN failed to timely respond to Plaintiffs' declaratory judgment action, and BN's counsel informed Plaintiffs that BN did not intend to respond. *See* Motion for Default Judgment at 5–6, attached as Exhibit E. Accordingly, Plaintiffs moved for default judgment against BN. *See id.*

41. On January 7, 2019, the Fourth District Court granted Plaintiffs' motion and entered default judgment against BN, ruling that (1) Plaintiffs and BN "entered into a valid and binding settlement agreement with respect to the claims alleged by [BN]" in the Navajo District Court, and (2) "[u]pon tender of the [agreed-upon] sum, Plaintiffs are released from all claims that are or could have been asserted against Plaintiffs" in the Navajo District Court action. Order Granting Motion for Default Judgment ¶¶ 1–2, attached as Exhibit F.

42. On January 11, 2019, Plaintiffs tendered a check to BN for the agreed-upon settlement amount. *See* January 11, 2019 Letter from David J. Jordan to David R. Jordan, attached as Exhibit G.

43. BN refused to dismiss her claims against Plaintiffs and returned the check.

**FIRST CAUSE OF ACTION**
(Declaratory Judgment Under 28 U.S.C. § 2201 – Subject-Matter Jurisdiction)

44. Plaintiffs hereby incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

45. An actual controversy that is ripe for judicial determination has arisen and now exists regarding whether the Navajo District Court has subject-matter jurisdiction over BN's claims against Plaintiffs.

46. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiffs are entitled to a declaration determining whether the Navajo District Court has subject-matter jurisdiction over BN's claims against them.

47. Plaintiffs seek a declaration that the Navajo District Court does not have subject-matter jurisdiction over BN's claims and that the Navajo District Court is barred from proceeding with BN's claims.

48. A declaration from this Court is necessary and appropriate at this time so that the parties may know and exercise their respective rights.

49. The interests of Plaintiffs and BN are adverse because Plaintiffs seek to preclude BN from proceeding with her claims. On the other hand, BN intends to proceed with her claims.

50. Plaintiffs have a legally protectable interest in the present controversy because Plaintiffs are named as defendants in the action pending in the Navajo District Court.

**SECOND CAUSE OF ACTION**

(Declaratory Judgment Under 28 U.S.C. § 2201 – Settlement Agreement)

51. Plaintiffs hereby incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

52. An actual controversy that is ripe for judicial determination has arisen and now exists between Plaintiffs and BN regarding whether BN's claims filed in the Navajo District Court are moot pursuant to the Settlement Agreement.

53. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiffs are entitled to a declaration determining whether BN's claims pending in the Navajo District Court are moot.

54. Plaintiffs seek a declaration that, pursuant to the Settlement Agreement, any claims BN has or could have asserted against Plaintiffs in the

Navajo District Court are moot and that BN is barred from proceeding with her claims.

55. A declaration from this Court is necessary and appropriate at this time so that the parties may know and exercise their respective rights.

56. The interests of Plaintiffs and BN are adverse because Plaintiffs seek enforcement of the Settlement Agreement. Conversely, BN seeks to avoid her obligations under the Settlement Agreement, which require her to dismiss her claims against Plaintiffs pending in the Navajo District Court.

57. Plaintiffs have a legally protectable interest in the controversy because Plaintiffs are parties to the Settlement Agreement and named as defendants in the Navajo District Court action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against BN as follows:

1. For a judgment declaring that the Navajo District Court does not have subject-matter jurisdiction over BN’s claims and that BN is barred from proceeding with her claims in the Navajo District Court;

2. For a judgment declaring that, pursuant to the Settlement Agreement, BN’s claims are moot and that she is barred from proceeding

with any claims she has or could have asserted against Plaintiffs in the Navajo District Court;

3. For an injunction prohibiting BN from proceeding with her claims against Plaintiffs in the Navajo District Court; and

4. For such other legal and equitable relief as this Court deems just and proper.

DATED: January 28, 2019.

STOEL RIVES LLP

*/s/ David J. Jordan*

David J. Jordan
Jordan C. Bledsoe

*Attorneys for Plaintiffs*

Plaintiffs' Address:

50 East North Temple
Salt Lake City, Utah 84150